## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Emily Gimino, | |
| Plaintiff, | |
| | Case No. 3:22-cv-50248 |
| v. | |
| | Honorable Iain D. Johnston |
| Lutheran Social Services of Illinois, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Emily Gimino brings this action against Lutheran Social Services of Illinois. Before the Court is her motion to proceed *in forma pauperis* [4]. Because her application reflects a sufficient degree of indigency, the Court grants the motion and excuses Gimino from paying the Court's filing fee. Nonetheless, when a plaintiff proceeds *in forma pauperis*, the Court is required to screen and dismiss the complaint if the action is frivolous, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

The following allegations are taken from Plaintiffs complaint. At this stage, the Court must accept them as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's fiancé was accused of child abuse and neglect. The two have a child together, but Plaintiff's allegations imply that the investigation was directed toward the children her fiancé had with another woman. As part of that investigation, Plaintiff was allegedly interviewed by a supervisor at Lutheran Social Services of Illinois. Although she was not living with her fiancé at the time, she also

1

met directly with a caseworker, who asked her to submit to a drug test, which she agreed to. Later, she testified in court in support of her fiancé, who was in danger of losing his parental rights over the children he had with another woman. After Plaintiff testified, the caseworker realized that Plaintiff allowed her child to be around the fiancé, who is the child's father. Plaintiff alleges that the caseworker then threatened to report Plaintiff "for concerning matters" because she allowed the fiancé to see his child. Nine months later, the caseworker made that call. Because of this significantly delayed report, Plaintiff asserts that the Department of Children Services has outsourced it's work to a third-party agency, Defendant Lutheran Social Services of Illinois, and has failed to ensure it is doing the job of protecting children "the correct way." Dkt. 1, at 1.

Plaintiff seeks four million dollars in damages, though she calls it restitution. She lists Lutheran Social Services of Illinois as the only defendant, though her complaint mentions other entities not named expressly as defendants, including the relevant case worker, and her supervisor. Though not expressly named as a Defendant, the complaint also seems to challenge the conduct of the Department of Children and Family Services itself.

Because Plaintiff has filed suit in federal court, without alleging a proper basis for diversity jurisdiction under 28 U.S.C. § 1332, the Court assumes that Plaintiff intended to invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides for federal jurisdiction over cases arising under federal law. In this case, that federal law is 42 U.S.C. § 1983, which provides

2

plaintiff an avenue to legal redress for deprivations of her rights done under color of state authority. To state a claim under § 1983, the plaintiff must allege (1) that the defendant deprived her of a right secured by federal law, and (2) that the defendant accomplished that deprivation under color of state authority. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000). Furthermore, the complaint must identify the personal involvement that each defendant is alleged to have played in the alleged constitutional injury. *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614–15 (7th Cir. 2002).

First, Plaintiff's complaint does not identify the right she believed she was deprived of. The complaint implies that the primary contention is that the caseworker should not have waited nine months to report her for investigation. But she does not say whether she lost custody (whether temporary or permanent) of her child. Nor does she say how she was harmed by the nine-month delay. Second, even if Plaintiff had identified the right at issue, her complaint does not clearly identify who the Defendants in the case are. She explicitly identifies Lutheran Social Services of Illinois, but then she identifies allegedly wrongful acts done by the case worker. Furthermore, she faults the Department of Children and Family Services for not properly supervising Luther Social Services, though she does not name any DCFS officials in her suit.

If Plaintiff intended to sue the Department of Children and Family Services, rather than its employees, then that claim for damages is barred by the Eleventh Amendment because DCFS, as a state agency, has not consented to be sued. *Darryl*

3

*H. v. Coler*, 801 F.2d 893, 906–07 (7th Cir. 1986); *Munoz v. Bradbury*, No. 3:21-cv-50231, 2022 U.S. Dist. LEXIS 82379, at *4–5 (N.D. Ill. May 6, 2022); *Williams v. Ill. Dep't of Children & Family Servs*, No. 19-cv-03296, 2021 U.S. Dist. LEXIS 42767, at *3–4 (N.D. Ill. Mar. 4, 2021).

Furthermore, because § 1983 requires that the complaint identify each Defendant's personal involvement in the alleged constitutional injury, a supervisor is only liable for that person's individual conduct. In other words, the doctrine of *respondeat superior* does not apply to § 1983 claims. *Doyle*, 305 F.3d at 614–15. Although Plaintiff's complaint identifies the supervisor in question, the complaint does not identify how that supervisor was personally involved in the alleged injury. Thus, on amendment, if Plaintiff intends to sue the supervisor, she must allege facts to support the theory that the supervisor knew about the allegedly wrongful conduct and facilitated it, condoned it, approved it, or otherwise willfully turned a blind eye for fear of what she might see. *Kemp v. Fulton Cnty.*, 27 F.4th 491, 498 (7th Cir. 2022).

Lastly, Plaintiff does not say whether an ongoing state proceeding exits. But child custody and placement proceedings are traditionally "considered as areas involving important state interests, and therefore are the province of state courts." *Turner*, 2016 U.S. Dist. LEXIS 205013, at *7. In such cases, if an ongoing state proceeding exists, the Court must consider whether abstention is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971). Thus, on amendment, the Court expects

4

Plaintiff to address whether any ongoing state proceedings exist that address the facts giving rise to this suit.

For these reasons, the Court must dismiss Plaintiff's complaint for failure to state a claim. On amendment, Plaintiff must address the issues identified in this order. Alternatively, she may stipulate to dismissal of this action without prejudice so that her concerns can be addressed in the appropriate state court. If she chooses to amend, however, she must do so by August 12, 2022. If she fails to file an amended complaint by that date, the dismissal will be with prejudice and the case will be terminated.

Date: July 20, 2022

Honorable Iain D. Johnston
United States District Judge