IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Emily Gimino,<br><br>    Plaintiff,<br><br>    v.<br><br>Lutheran Social Services of Illinois,<br><br>    Defendant. | Case No. 3:22-cv-50248<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Emily Gimino brings this action *pro se* seeking recovery for alleged harms done to her during her interactions with the Illinois Department of Children and Family Services and Lutheran Social Services of Illinois.[1] After granting her motion to proceed *in forma pauperis*, the Court dismissed her complaint for failure to state a claim. Dkt. 13. She then filed an amended complaint, in which she clarified that she never lost custody of her children and that the only injuries she allegedly suffered were (1) the stigma of a DCFS proceeding and (2) that she was forced to stay home with her child instead of work (presumably because the child couldn't be alone with Gimino's fiancé during the pendency of the DCFS proceeding against him). She also clarified that no state proceeding was ongoing, such that the

---

[1] Gimino has also asserted that she is suing Marc Smith, the Director of the Illinois Department of Children and Family Services. Notwithstanding the assertion, his name appears nowhere in any of Gimino's complaints. The only place it appears is in an attachment to a filing she calls an affidavit. Dkt. 18, at 4. Still, that document, which is from Marc Smith, was not addressed to Gimino. Furthermore, the letter informs another individual (apparently her fiancé) of his successful challenge.

Court would need to consider *Younger* abstention. Dkt. 14. Nevertheless, Gimino's amended complaint failed to clarify the identity of the Defendants and what their personal involvement was in any alleged violation of federal law. So, the Court struck the amended complaint as not addressing the Court's concerns. Dkt. 15.

Gimino has now filed a third-amended complaint. She clarifies that she seeks monetary damages from Lutheran Social Services of Illinois. She contends that Lutheran knowingly reported false information to the Illinois Department of Children and Family Services. She says she has proof that the workers had no concerns about her. She then continues that the Illinois Department of Children and Family Services should be held accountable because they are the ones that work directly with the family. The Court has already explained, however, that DCFS cannot be sued directly for money damages, and that Gimino would have to sue an employee of the DCFS in that employee's individual capacity, which would then require her to allege how that individual was personally involved in the deprivation of her federal rights. *Gimino v. Lutheran Soc. Servs.*, No. 3:22-cv-50248, 2022 U.S. Dist. LEXIS 128642, at *4–5 (N.D. Ill. July 20, 2022). She has not done that. Even if the Court were to infer that she intended to sue DCFS Director Smith, she has included no facts at all establishing how he was personally involved in anything.

More critically, Gimino has filed this action in federal court, not state court. As such, she must be able to assert federal jurisdiction. In her civil complaint cover sheet, she asserted federal jurisdiction based on having sued a U.S. Government

employee. But she has not sued any U.S. Government employee. She only explicitly sued Lutheran, an Illinois nonprofit organization. And even if she had sued Director Smith, he is an employee of an Illinois state agency, not the federal government. The only possible basis for federal jurisdiction the Court can surmise is federal question jurisdiction, which would exist if Gimino intended to file this suit under 42 U.S.C. § 1983, to recover for alleged deprivations of her *federal* rights. On review of all Gimino's filings, however, the Court does see any plausibly stated claims for deprivations of federal rights.

Gimino's latest complaint implies that she attempts to bring a fabrication of evidence claim, in violation of her due process rights under the Fourteenth Amendment. Indeed, in some circumstances, the fabrication of evidence may provide the basis for a claim that the defendant violated the plaintiff's constitutional right to due process. *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016); *Chen v. Yellen*, No. 3:20-cv-50458, 2022 U.S. Dist. LEXIS 127656, at *14 (N.D. Ill. July 19, 2022). The claim appears to be based on the allegation that Lutheran knowingly reported false information to DCFS. But the Seventh Circuit in *Bianchi*, held that a "deprivation of liberty is a necessary element of a due-process claim premised on allegations of evidence fabrication." *Bianchi*, 818 F.3d at 319. And Gimino has not alleged any deprivation of her liberty. On the contrary, she challenges a DCFS action, not a criminal proceeding, and she has confirmed that she never lost custody of her children. Furthermore, the proceeding she referenced involved only her fiancé, not Gimino, and it resolved in her fiancé's favor. Indeed,

3

she filed the administrative law judge's decision on this docket. Dkt. 17, at 3–10. In other words, she has failed to plausible allege a fabrication of evidence claim because the only predicate judicial proceeding she alleges did not involve her as a party and resulted in a decision in favor of her fiancé.

Thus, Gimino has not plausibly alleged a due-process fabrication of evidence claim. The Court is unaware what other claims Gimino intends to bring in this action. The Court dismisses Gimino's complaint again for failure to state a claim. The dismissal is without prejudice, however. If Gimino wishes to try one more time, she may amend by August 12, 2022. The Court urges Gimino to take her time before filing another amended complaint. If she fails to state a claim this time, the Court will dismiss this action with prejudice and terminate the case. If she needs assistance in filing an amended complaint on her own, she should consult the Court's Representing Yourself webpage.
https://www.ilnd.uscourts.gov/OnlineForms.aspx?/qYVnglgEnsP0UIGZRbKuyo9G0K5AoRrKzSKr0iA5CFYkpOIso0U1A==.

Date: July 22, 2022

_____
Honorable Iain D. Johnston
United States District Judge

4